# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

STEVEN-CURTIS BACHMEIER,

        Petitioner,

      v.

LYNNIE EINERSON,

        Respondent.

Case No. 3:23-cv-00179-SLG

## ORDER OF DISMISSAL

On August 4, 2023, Steven-Curtis Bachmeier ("Petitioner"), a self-represented pre-trial detainee in the custody of the State of Alaska, filed a petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Section 2241") and paid the filing fee.[1] The Court takes judicial notice[2] of Petitioner's ongoing criminal case, *State of Alaska vs. Bachmeier,* Case No. 3SW-15-00039CR.[3]

## "MOTION TO STRIKE FOR CAUSE"

On September 15, 2023, Mr. Bachmeier filed a "Motion to Strike for Cause" requesting the case be reassigned to another judge or perhaps even transferred

---

[1] Docket 1.

[2] Fed. R. Evid. 201(b)(2) permits judicial notice of a fact that is "not subject to reasonable dispute because it: . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[3] Publicly available records of the Alaska Trial Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

to another district.[4] Mr. Bachmeier takes issue with how his name appears in the Court's Standing Order at Docket 4 and in the Court's orders in his previous criminal case, *USA v. Bachmeier*, Case No. 3:17-cr-00103-SLG. He demands that the Court "[c]ease and desist" referring to him as the "Ens Legis," STEVEN CURTIS BACHMEIER, because he, "Steven-Curtis: Bachmeier," is not "deceased or a corporation."[5]

Motions to disqualify or recuse a federal judge fall under two statutory provisions, 28 U.S.C. §§ 144 and 455. Under both statutes, the standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."[6] Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible."[7] In the absence of a reasonable factual basis for recusal, a judge should participate in the cases assigned to her.[8]

Mr. Bachmeier's disagreement with how his name is spelled in court orders does not present proper grounds for the recusal of the assigned judge. Mr.

---

[4] Docket 5 at 2.

[5] Docket 5 at 2.

[6] *United States v. Hernandez,* 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting *United States v. Studley,* 783 F.2d 934, 939 (9th Cir. 1986)).

[7] *Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir. 2008), abrogated on other grounds in *Simmons v. Himmelreich*, 136 S. Ct. 1843 (2016).

[8] *United States v. Holland*, 519 F.3d 909, 912 (2008).

Case No. 3:23-cv-00179-SLG, *Bachmeier v. Einerson*
Order of Dismissal
Page 2 of 7
Case 3:23-cv-00179-SLG   Document 6   Filed 10/13/23   Page 2 of 7

Bachmeier fails to allege any facts that establish the undersigned has exhibited bias or prejudice that arose from an extrajudicial source.[9] Rather, the Court's use of all capitals for the names of each party in the case caption is consistent with this Court's local rules and is used in every case.[10] And Mr. Bachmeier's assertion that the undersigned judge "lost personal jurisdiction as soon as [he] asserted that [he] was not the person named in the complaint" is without merit.[11] Therefore, the motion at Docket 5 is denied.

## SCREENING REQUIREMENT

A court must "promptly examine" a habeas petition.[12] If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the Court must dismiss the petition.[13] 28 U.S.C. § 2241 ("Section 2241") provides federal courts with general habeas corpus jurisdiction.[14] Section 2241 is the proper avenue for a state prisoner who seeks to challenge his state custody when there is no state judgment, such as here, where Mr. Bachmeier challenges his

---

[9] *See U.S. v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) ("An affidavit filed pursuant to [§ 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source.").

[10] *See* Local Civil Rule 7.5 Exemplar; Local Criminal Rule 1.1(b).

[11] Docket 5 at 1.

[12] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts. *See also* Local Habeas Corpus Rule 1.1(c)(2) ("Except as otherwise specifically provided by statute, rule or order of the court… the Rules Governing Section 2254 Cases in the United States District Courts, apply to all petitions for habeas corpus relief filed in this court.").

[13] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts.

[14] *Rasul v. Bush,* 542 U.S. 466, 473 (2004).

Case No. 3:23-cv-00179-SLG, *Bachmeier v. Einerson*
Order of Dismissal
Page 3 of 7
Case 3:23-cv-00179-SLG   Document 6   Filed 10/13/23   Page 3 of 7

pretrial detention.[15] However, upon screening, it plainly appears that Mr. Bachmeier is not entitled to relief, and his petition must be dismissed.

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[16] The writ is "a vital 'instrument for the protection of individual liberty' against government power."[17] The Court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[18] A petitioner may challenge pretrial detention under Section 2241.[19] But the Court must dismiss a habeas petition if it raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted.[20]

The petition filed in this case includes language demonstrative that Mr. Bachmeier's claims are rooted in sovereign citizen ideology.[21] For example, Mr.

---

[15] *See Magana-Pizano v. INS,* 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

[16] *Rasul,* 542 U.S. at 473.

[17] *Gage v. Chappell,* 793 F.3d 1159, 1167 (9th Cir. 2015) (quoting *Boumediene v. Bush,* 553 U.S. 723, 743 (2008)).

[18] 28 U.S.C. § 2241(c)(3).

[19] *See Stow v. Murashige,* 389 F.3d 880, 885–8 (9th Cir. 2004) (citations and quotations omitted).

[20] 28 U.S.C. § 1915A(b). *See also Williams v. Scheingart,* No. C 15-3013-MMC, 2015 WL 7351388, at *1, (N.D. Cal. Nov. 20, 2015) (dismissing habeas petition, without leave to amend, that sought release from custody and monetary relief against various officials, on basis that the state court in which plaintiff was convicted lacked jurisdiction over him because he is a "sovereign citizen.").

[21] *See Vazquez v. California Highway Patrol*, No. 2:15-CV-756-JAM-EFB (PS), 2016 WL 232332, at *2 (E.D. Cal. 2016) (explaining "sovereign citizen" ideology).

Case No. 3:23-cv-00179-SLG, *Bachmeier v. Einerson*
Order of Dismissal
Page 4 of 7
Case 3:23-cv-00179-SLG   Document 6   Filed 10/13/23   Page 4 of 7

Bachmeier does not believe any court can establish jurisdiction over him[22] and appears to attempt to separate himself into two entities — a natural, living person and a corporation or "ens legis"[23] with the same name as Petitioner, but written in all capital letters.[24]

Arguments based in sovereign citizen ideology have been uniformly rejected by courts across the country as "frivolous, irrational, or unintelligible."[25] The Ninth Circuit specifically has repudiated such arguments as "utterly meritless."[26] The

---

[22] Docket 1 at 6; Docket 5 at 1. *See Vasquez v. California Highway Patrol,* No. 15-cv-330 YGR, 2015 WL 1743275, at *2 (N.D. Cal. Apr. 6, 2015) (explaining that sovereign citizens "generally contend that most if not all of the state and federal government, statutory structure, and legal system is invalid or illegitimate, or at least that individuals can essentially opt out of the rules of society through convoluted legalistic loopholes."). *See also Caetano v. Internal Revenue Serv.,* No. 122CV00837JLTSAB, 2023 WL 3319158, at *2 (E.D. Cal. 2023), report and recommendation adopted, No. 122CV00837JLTSAB, 2023 WL 4087634 (E.D. Cal. 2023) (explaining "[w]hile many various sub-groups and ideologies may fall under the sovereign-citizen umbrella, the overarching unifying principle is the belief that, even though they physically reside in this country, the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior").

[23] *See* ENS LEGIS, Black's Law Dictionary (11th ed. 2019) (defining "ens legis" as an entity, such as a corporation, that derives its existence entirely from the law as opposed to a natural person).

[24] *See, e.g.,* Docket 1 at 6 ("competency hearing testimony evidence was put on record that Steven-Curtis Bachmeier is not STEVEN CURTIS BACHMEIER…. Corporations and deceased persons are spelled with all upper case [while] a natural person is spelled without proper noun spelling.") (cleaned up). *See Bendeck v. U.S. Bank Nat's Ass'n*, No. 17-00180 JMS-RLP, 2017 WL 2726692, at *6 (D. Haw. June 23, 2017) (noting that "[p]roponents of the sovereign citizen ... theory believe that when a person's name is spelled ... with initial capital letters and small letters, it represents the 'real person' ... [and w]henever a person's name is written in total capitals, ... only [a] 'strawman' [or separate entity] is referenced, and the flesh and blood person is not involved") (simplified).

[25] *Mackey v. Bureau of Prisons,* 2016 WL 3254037, at *1 (E.D. Cal. 2016) (internal citations omitted). *See also United States v. Ward*, 182 F.3d 930 (9th Cir. 1999) (noting that contentions based on sovereign citizen arguments are "frivolous" and that "courts ordinarily reject similar contentions without extended argument.").

[26] *United States v. Studley,* 783 F.2d 934, 937 n.3 (9th Cir. 1986) (noting the "argument has been consistently and thoroughly rejected… advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them.").

Case No. 3:23-cv-00179-SLG, *Bachmeier v. Einerson*
Order of Dismissal
Page 5 of 7
Case 3:23-cv-00179-SLG   Document 6   Filed 10/13/23   Page 5 of 7

Court, "like others across the country, concludes that 'sovereign citizens,' like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside," including in this case, the laws of the State of Alaska.[27] Additionally, "[t]he attempt to divide oneself into two separate entities ... is a legal fiction and has been struck down consistently in courts and around the country."[28]

Because Petitioner's claims are based on "patently frivolous,"[29] sovereign citizen theories, they must be dismissed.[30] The Court further determines that the Petition is subject to dismissal with prejudice because this pleading deficiency cannot be cured.[31]

**IT IS THEREFORE ORDERED:**

1. The Petition at Docket 1 is **DISMISSED with prejudice.**

2. The "Motion to Strike for Cause" at Docket 5 is **DENIED.** Any other motions are **DENIED** as moot.

---

[27] *El v. Ally Bank,* No. 222CV00874APGDJA, 2022 WL 2904867, at *2 (D. Nev. 2022) (quotation marks and citations omitted). *See also United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.").

[28] *Id.*

[29] *Studley,* 783 F.2d at 937 n.3.

[30] *Cf. Culpepper v. Biddle*, Case No. CV 18-8826-JFW (GJS), 2018 U.S. Dist. LEXIS 187497, at *8, *11 (C.D. Cal. 2018) ("Petitioner deems himself a 'secured party creditor' ... [a]s a threshold matter, Petitioner's sovereign citizen-type assertions are so patently frivolous and specious that little discussion about them is required.").

[31] *See Morales v. Long,* No. ED CV 13-01673-VBF, 2013 WL 8291412, at *4 (C.D. Cal. 2013) (dismissing a claim not cognizable on federal habeas review, with prejudice "because, like untimeliness or lack of merit, noncognizability cannot be cured").

Case No. 3:23-cv-00179-SLG, *Bachmeier v. Einerson*
Order of Dismissal
Page 6 of 7
Case 3:23-cv-00179-SLG   Document 6   Filed 10/13/23   Page 6 of 7

3. The Clerk of Court is directed to enter a final judgment.

4. A certificate of appealability shall not issue.[32]

DATED this 13th day of October 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[32] 28 U.S.C. §2253(c)(1)(A). *See also Wilson v. Belleque,* 554 F.3d 816, 825 (9th Cir. 2009) ("[A] state prisoner who is proceeding under § 2241 must obtain a [Certificate of Appealability] under § 2253(c)(1)(A) in order to challenge process issued by a state court."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a certificate of appealability may be granted only if applicant made "substantial showing of the denial of a constitutional right," *i.e.*, showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotations and citations omitted)). Petitioner may request a certificate of appealability from the Ninth Circuit Court of Appeals.

Case No. 3:23-cv-00179-SLG, *Bachmeier v. Einerson*
Order of Dismissal
Page 7 of 7
Case 3:23-cv-00179-SLG   Document 6   Filed 10/13/23   Page 7 of 7